J-S19026-22

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ISMAEL COLON | : | |
| | : | |
| Appellant | : | No. 2131 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 4, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007611-2018

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                          **FILED JULY 25, 2022**

Appellant, Ismael Colon, appeals from his judgment of sentence, entered on August 4, 2021.  Appellant's sole issue on appeal pertains to the discretionary aspects of his sentence, a claim which requires an appellant to invoke this Court's jurisdiction.  ***See Commonwealth v. Luketic***, 162 A.3d 1149, 1159-1160 (Pa. Super. 2017) ("Only if the appeal satisfies [a four-part test] may we proceed to decide the substantive merits of [an a]ppellant's claim").  After careful consideration, we are constrained to quash Appellant's appeal without reaching the merits because he failed to raise a substantial question necessary to invoke our jurisdiction.

The facts of Appellant's underlying convictions are not pertinent to his present appeal.  We need only note that, on November 12, 2020, after a

_____

[*] Former Justice specially assigned to the Superior Court.

two-day bench trial, the trial court found Appellant guilty of criminal attempt – murder, aggravated assault, possession of firearm prohibited, firearms not to be carried without license, carrying firearms in public in Philadelphia, possession of instrument of crime with intent, terroristic threats with intent to terrorize another, simple assault, and recklessly endangering another person, possession of controlled substance, and manufacture, delivery, or possession with intent to manufacture or deliver.[1]  Thereafter, on August 4, 2021, the trial court sentenced Appellant to 10 to 20 years' incarceration for attempted murder[2] and no further penalty on the remaining charges.  Appellant's post-sentence motion challenging the discretionary aspects of sentencing was denied on October 7, 2021.  This appeal followed.[3]

Appellant raises a single issue for our review, claiming that his sentence was "unduly harsh and excessive under the circumstances of this case[.]"  Appellant's Brief at 4.  Before we may conduct a merits analysis of Appellant's

---

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a), 6105(a)(1), 6106(a)(1), 6108, 907(a), 2706(a)(1), 2701(a), 2705; and 35 Pa.C.S.A. §§ 780-113(a)(16) and (a)(30), respectively.

[2] Regarding Appellant's attempted murder count, the sentencing guidelines, including the deadly weapon used enhancement, provided for a standard range of 96 to 114 months, plus or minus 12 months in the mitigated and aggravated ranges.  *See* N.T. Sentencing, 8/4/21, at 5.  Thus, while at the statutory maximum, *see* 18 Pa.C.S.A. § 1102(c), Appellant's sentence falls within the aggravated range of the applicable sentencing guidelines by six months.

[3] Appellant and the trial court complied with Pa.R.A.P. 1925.

discretionary aspects of sentencing claim, we must determine whether he properly invoked this Court's jurisdiction. *See Luketic*, *supra*.

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citations omitted).

Instantly, Appellant filed a timely notice of appeal, properly preserved his claims by filing a post-sentence motion, and included a Rule 2119(f) statement in his brief.[4] *See* Appellant's Brief at 18-27. Thus, we turn to whether he raised a substantial question. A substantial question is raised by demonstrating that the trial court's actions were inconsistent with the Sentencing Code or contrary to a fundamental norm underlying the sentencing process. *Commonwealth v. Bonner*, 135 A.3d 592, 603 (Pa. Super. 2016). This issue is evaluated on a case-by-case basis. *Id.* This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists.

---

[4] We note that Appellant's Rule 2119(f) statement is not "a **concise** statement of the reasons relied upon for allowance of appeal." *See* Pa.R.A.P. 2119(f) (emphasis added). In fact, Appellant's 10-page Rule 2119(f) statement doubles the portion of his brief used to argue and develop the merits of his actual claim – only five pages long.

*Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. 2006).

Upon review, we conclude that Appellant failed to articulate a substantial question within his Rule 2119(f) statement. Rather, Appellant outlines miscellaneous and dissociated examples[5] of claims that raised substantial questions in prior cases, without linking them cohesively or with particularity to the sentence at issue. He then narrates all evidence adduced at trial and presented at sentencing, including multitudinous examples of mitigating factors recognized and considered by the trial court. Appellant's Brief at 21-26. Appellant ends his Rule 2119(f) statement with the following bald, conclusory remarks:

_____

[5] Appellant nakedly cited the following cases as raising substantial questions: *Commonwealth v. Swope*,123 A.3d 333, 339 (Pa. Super. 2015) (excessive sentence in conjunction with failing to consider mitigating factors); *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999) (*en banc*) (adequacy of the reasons given for sentencing); *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (excessiveness claim articulating the manner in which sentence violates Sentencing Code or fundamental norm underlying the sentencing process) *Commonwealth v. Dodge*, 77 A.3d 1263 (Pa. Super. 2013) (sentencing court disregarded rehabilitation and nature and circumstances of the offense). *See* Appellant's Brief at 20-21 (listed herein in the order presented by Appellant).

> Although [A]ppellant may not appeal the discretionary aspects of his sentence by right, [A]ppellant invokes this Court's jurisdiction by including this statement pursuant to Rule 2119(f), and asserting that there is a substantial question that the sentence imposed was inappropriate under the Sentencing Code and a deviation from sentencing norms. This Court has held that claims of excessiveness may be justiciable as substantial questions based on the circumstances of the case and the extent to which the appellant's Rule 2119(f) statement suggests that the trial court deviated from sentencing norms.

*Id.* at 26-27 (paragraphing edited, citation omitted). At no point does Appellant ever state, with specificity, a colorable claim alleging that his sentence is inconsistent with a provision of the Sentencing Code or a fundamental norm underlying the sentencing process. *See generally id.* at 18-27; *see also Commonwealth v. Crawford*, 257 A.3d 75, 79-80 (Pa. Super. 2021) (the Rule 2119(f) statement fails to raise a substantial question where it "fails to explain what portion of the Sentencing Code, if any, with which his sentence was inconsistent or how it ran contrary to fundamental sentencing norms.").

Ostensibly, Appellant's Rule 2119(f) statement implies that the trial court failed to adequately consider mitigating factors in imposing Appellant's sentence. *See* Appellant's Brief at 26 (after outlining several mitigating factors presented to the trial court, Appellant argues that "[c]ollectively, these facts warrant imposition of" a lower sentence). Our case law is clear, however, that claims of inadequate consideration of mitigating factors do not raise a

substantial question.[6] ***See Crawford***, 257 A.3d at 79; ***see also***

***Commonwealth v. Velez***, 273 A.3d 6, 10 (Pa. Super. 2022) (noting that the

"weight accorded to the mitigating factors or aggravating factors presented to

the sentencing court is within the [sentencing] court's exclusive domain.").

For the reasons stated above, we conclude that Appellant failed to raise

a substantial question necessary to invoke this Court's jurisdiction to consider

the merits of Appellant's sole claim raised on appeal. Consequently, we quash

---

[6] Were we to liberally construe Appellant's Rule 2119(f) statement as asserting that the trial court **failed** to consider mitigating factors when imposing sentencing in the aggravated range, ***see Commonwealth v. Smith***, 206 A.3d 551, 567 (Pa. Super. 2019) (substantial question raised claiming the trial court erred by imposing an aggravated range sentence without consideration of mitigating circumstances), we would nevertheless adopt the trial court's well-reasoned opinion to conclude Appellant's claim is without merit. Specifically, and as conceded by Appellant within his appellate brief, the trial court possessed a pre-sentence investigation report, considered the entire record including various mitigating circumstances presented at trial and sentencing, and provided an extensive and detailed statement of its rationale for imposing Appellant's sentence on the record. ***See*** Trial Court Opinion, 12/15/21, at 8-11; ***see also*** N.T. Sentencing, 8/4/21, at 31-36. Moreover, the trial court imposed sentence solely on Appellant's attempted murder count with no further penalty on his remaining counts, where the standard range of the sentencing guidelines allowed for an aggregate standard range of 240 to 328 months and statutory maximum of 87 years, and the Commonwealth requested a 15 to 30 year sentence. ***See*** Commonwealth Sentencing Memorandum, 8/3/21, at 1, 3. Accordingly, we would conclude Appellant's claim is unavailing as he cannot demonstrate that his aggravated range sentence on one count of his 11 count conviction was "clearly unreasonable" as required to warrant relief. ***Commonwealth v. McCarthy***, 180 A.3d 368, 380 (Pa. Super. 2018) (explaining, where an appellant is sentenced within the aggravated range of the sentencing guidelines, 42 Pa.C.S.A. § 9781(c)(2) provides that "this Court may only vacate [a] sentence if [the] case involves circumstances where the application of the guidelines would be clearly unreasonable.") (original brackets and quotation marks omitted).

Appellant's appeal.  Because we have adopted the trial court's opinion as our own in support of our alternate conclusion set forth footnote six, we direct the parties to attach a copy of the court's opinion to all future filings pertaining to the disposition of this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2022

Parkinson, Tarpey & Lloyd
By: James Lloyd
Identification No. 85772
1315 Walnut Street, Suite 1605
Philadelphia, PA 19107
Tel (215) 851-8800
Fax (215) 851-8808

E-mail: JRL@PTLfirm.com                    **Attorney for defendant**

---

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CRIMINAL TRIAL DIVISION |
| v. | : | |
| ISMAEL COLON | : | CP-51-CR-0007611-2018 |

---

## STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

## PURSUANT TO Pa.R.A.P. 1925(b)

**TO THE HONORABLE JUDGES OF THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, CRIMINAL TRIAL DIVISION:**

On or about October 19, 2021, appellant/defendant filed a timely notice of appeal in this matter with respect to the order imposing sentence entered on or about August 4, 2021. On appeal, defendant alleges that the Honorable Court erred and identifies the following issue to be raised on appeal:

- The sentence imposed is greater than that necessary to vindicate the Court's authority under the circumstances; confinement in a state correctional facility for the term imposed is not the least restrictive sentence necessary to effectuate the aims of

Pennsylvania's sentencing laws and is greater than that which would be consistent with protection of the public, the gravity of defendant's conduct as it relates to the impact on the life of others in the community, and the rehabilitative needs of defendant; the sentence imposed on the charge of attempted murder is above the standard range set forth in the applicable Sentencing Guidelines – specifically, it is an aggravated range sentence that is equal to the statutory maximum for that offense; during allocution defendant accepted responsibility for his actions and provided the court with the motivation behind the acts – namely, a desire to see and protect his child during a contentious child custody dispute with the complainant; defendant's earlier attempts to bring this information to the court's attention were thwarted by his trial counsel; defendant accepted responsibility, was apologetic and exhibited great remorse before this court; defendant was 52 years old at the time of sentencing and had no history of violent criminal conduct; defendant was lawfully employed, supported his children, and was a significant and essential part of his extended family serving as a role model and father figure for many nieces, nephews and cousins; defendant's incarceration has had (and will continue to have) a significant and extremely detrimental effect on his extended family; defendant did not intend to cause injury during the crime at issue; indeed, no one was injured as a result of the defendant's acts, he abandoned the attack before causing injury and turned himself into a police district the same day; the crimes constituted an act out of character for defendant; the term of defendant's three years of incarceration in this matter prior to sentencing were exceedingly punitive due to the death of his mother and brother, and the conditions wrought by the Covid-19 pandemic which suspended all rehabilitative programs and limited human interaction to otherwise cruel and unusual levels; thus, there are mitigating factors present in this

case, however, the sentence imposed by the court failed to adequately consider the mitigation; the foregoing results in a sentence which is unduly harsh and excessive under the circumstances.

Pursuant to Pa.R.A.P. 1762, the defendant is in custody pending appeal.

Dated: 11/6/21

RESPECTFULLY SUBMITTED,

By: /s/ James Lloyd

James Lloyd

*Attorney for defendant*