J-A05015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEREMY HARRIS | : | |
| | : | |
| Appellant | : | No. 390 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 7, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008514-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEREMY HARRIS | : | |
| | : | |
| Appellant | : | No. 391 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 7, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008517-2019

BEFORE:  DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 13, 2024**

Appellant, Jeremy Harris, appeals from the October 7, 2022 judgment of sentence of 36 to 72 months of incarceration entered in the Philadelphia County Court of Common Pleas following his convictions of Accidents Involving Damage to Attended Vehicle or Property and Accidents Involving Death or

Personal Injury.[1]   Appellant challenges the discretionary aspects of his sentence.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On September 5, 2019, Jeremiah Washington was driving with two people sitting in the passenger side of his car.  While in an intersection, Appellant "t-boned" his car into the passenger side of Mr. Washington's car.  Immediately following the crash, Appellant exited his car, removed his damaged bumper from the intersection, and fled the scene.  Mr. Washington telephoned for an ambulance for the injured passengers.  While Mr. Washington waited with his car, the ambulance transported the passengers to the hospital for treatment.  Forty minutes after the hit-and-run, Appellant returned to the scene and demanded that Mr. Washington give him money for causing the accident.  When Mr. Washington refused, Appellant shot him in the chest and arm, resulting in Mr. Washington's hospitalization.

On August 3, 2022, a jury convicted Appellant of the above crimes.[2] The trial court deferred sentencing pending preparation of pre-sentence investigation ("PSI") and mental health reports.

Appellant sentencing hearing took place on October 7, 2022.  At that time, Appellant testified and presented the testimony of his family members, and the court heard argument from counsel.  The court stated on the record

---

[1] 75 Pa.C.S. §§ 3743(a) and 3742(a), respectively.

[2] The jury acquitted Appellant of Attempted Murder and Aggravated Assault.

that it had considered, among other things, the PSI and mental health reports, and noted "a number of aggravating factors that are inescapable in this case." N.T. Sentencing Hr'g, 10/7/22, at 28. The court found that Appellant's criminal history as a whole demonstrated that Appellant "poses a great danger to the community[,] that he is undeterred by criminal consequences[,] . . . pre-trial or post-trial conditions[, and has] no regard for the safety of others." *Id.* The court also observed that "the sentencing guidelines woefully fail to adequately represent his criminal history and the danger he poses to society." *Id.* at 28-29. With respect to Appellant's rehabilitative needs, the court found that, "if he is so inclined to address them, [Appellant's rehabilitative needs] would require substantial incarceration and could never be addressed should he be out of custody." *Id.* at 29. Given these considerations, the trial court sentenced Appellant to an aggregate term of three to six years of incarceration.[3]

On October 16, 2022, Appellant filed a post-trial motion to modify sentence. Appellant asserted that his sentence was excessive because the court: (1) "imposed the maximum sentence allowable by law on each count

---

[3] The court sentenced Appellant to a term of 30 to 60 months of incarceration for his conviction of Accidents Involving Death or Personal Injury, graded as a first-degree misdemeanor, and a consecutive term of six to 12 months of incarceration for his conviction of Accidents Involving Damage to an Attended Vehicle, graded as a third-degree misdemeanor. The sentencing guideline range for the Accidents Involving Death or Personal Injury was 6 months to 16 months plus or minus 3 months. Therefore, the sentence imposed for that conviction was within the statutory range but 14 months above the guideline range.

- 3 -

to run consecutively without giving reasons to run the sentences consecutively[;]" (2) relied on improper sentencing factors "such as treating arrests (without convictions) as proof of criminal conduct and factors already accounted for by the Sentencing Guidelines[;]" and (3) failed to consider mitigating factors and Appellant's rehabilitative needs. Amended Motion to Reconsider Sentence and Modify Sentence, 10/16/22, at ¶¶ 10-12.

The trial court held a hearing on Appellant's motion and, on January 9, 2023, denied the motion.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Whether it was an abuse of discretion for the [t]rial [c]ourt not to consider all of the relevant sentencing factors?

2. Whether it was an abuse of discretion for the [t]rial [c]ourt to impose a sentence that was unduly excessive and purely punitive in sentencing [Appellant] above the aggravated range, resulting in a manifestly excessive sentence of 3-6 years of incarceration?

Appellant's Brief at 4.

## A.

Appellant's issues challenge the discretionary aspects of his sentence. Challenges to the discretionary aspects of a sentence are not appealable as of right. *Commonwealth v. Schroat*, 272 A.3d 523, 526 (Pa. Super. 2022) Rather, an appellant must satisfy the following four criteria to invoke our jurisdiction:

(1) fil[e] a timely notice of appeal; (2) properly preserv[e] the issue at sentencing or in a post-sentence motion; (3) comply[] with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of a sentence; and (4) present[] a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms.

*Schroat*, 272 A.3d at 527.

Appellant preserved this sentencing challenge in a post-sentence motion, filed a timely notice of appeal, and has included a Rule 2119(f) statement in his Brief to this Court. We, thus, proceed to consider whether he has raised a substantial question for our review.

**B.**

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Summers*, 245 A.3d 686, 692 (Pa. Super. 2021) (citation omitted). We have found that a substantial question exists when an appellant asserts that "the sentencing court relied on an impermissible factor and ignored mitigating evidence when imposing an aggravated-range sentence[.]" *Commonwealth v. Mulkin*, 228 A.3d 913, 916 (Pa. Super. 2020); *see also Commonwealth v. Durazo*, 210 A.3d 316,

320 (Pa. Super. 2019) (finding substantial question based upon allegation that the court "exceeded the recommended range in the sentencing guidelines without providing an adequate basis").

We conclude that Appellant presents a substantial question because he claims that the court failed to adequately consider "all necessary factors' including his rehabilitative needs when imposing his sentence and asserts that the court was "unduly excessive and purely punitive in sentencing [Appellant] above the aggravated range[.]" Appellant's Brief at 9.

## C.

When reviewing a challenge to the discretionary aspects of sentence, this Court will not disturb a sentence "absent a manifest abuse of discretion[,]" which requires not merely an error of judgment but, rather, "that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Conte*, 198 A.3d 1169, 1176 (Pa. Super. 2018) (citation omitted).

Nevertheless, an appellate court "shall vacate" a sentence when "the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously" or when the court imposes a sentence that is "outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(1), (3). While not defined in the Sentencing Code, the concept of an unreasonable sentence "connotes a decision that is 'irrational' or 'not guided by sound judgment.'" *Commonwealth v. Velez*, 273 A.3d 6,

12 (Pa. Super. 2022), *appeal denied*, 283 A.3d 792 (Pa. 2022) (citation omitted).

In reviewing the discretionary aspects of a sentence, this Court should "consider the nature and circumstances of the crime; the history and characteristics of the defendant; the sentencing court's findings as well as the [sentencing] court's opportunity to observe the defendant, including through presentence investigation; and the sentencing guidelines." *Id.* at 9 (citing 42 Pa.C.S. § 9781(d)).

In turn, the sentencing court in imposing a sentence should consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[,]" in addition to the sentencing guidelines. 42 Pa.C.S. § 9721(b). We reiterate, however, that the guidelines are "purely advisory" and "not mandatory." *Velez*, 273 A.3d at 10.

A court may sentence outside the guidelines if it states it reasons on the record and "does not exceed the maximum sentence allowed by statute." *Id.* Where a presentence report exists, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (citation omitted).

**D.**

In his first issue, Appellant claims that the trial court abused its discretion in failing to consider all relevant sentencing factors and "impose a sentence that addressed Appellant's rehabilitative needs." Appellant's Brief at 12-13. Appellant asserts that, instead, the court "picked out the factors that it determined to be most appropriate in fashioning a sentence." *Id.* at 13

In its Rule 1925(a) opinion, the trial court reiterated its on-the-record statement that, in fashioning Appellant's sentence, it considered the PSI and mental health reports, the parties' sentencing memoranda, Appellant's allocution, the particular circumstances of the instant offense, and Appellant's record as a whole. Trial Ct. Op., 7/11/23, at 5. As noted above, the trial court found "a number of aggravating factors," including Appellant's criminal history, the danger he poses to the community, and his lack of regard for the safety of others. *Id.* The court also observed that Appellant's rehabilitative needs require substantial incarceration.

Following our review, we conclude that the record belies Appellant's claim that the trial court failed to consider all relevant sentencing factors. The trial court, with the benefit of a PSI report, was aware of and considered all of the relevant sentencing factors, including Appellant's rehabilitative needs, when imposing sentencing. Contrary to Appellant's claim, the court did not "pick out" the factors it considered to be most appropriate in determining Appellant's sentence; rather, the court balanced Appellant's rehabilitative needs with, among other things, Appellant's recidivism and the danger he poses to the community. Simply, in light of these considerations, we conclude

that the trial court did fail to consider all relevant sentencing factors. This claim, thus, fails.

In his second issue, Appellant claims that the trial court abused its discretion in imposing a sentence above the recommended aggravated range for his conviction of Accidents Involving Death of Personal Injury. Appellant's Brief at 14-17. Appellant does not articulate, however, any specific reason the above-guideline range is unreasonable. Instead, recycling the argument he put forth in support of the previously-addressed claim, he argues that the mere fact that he was sentenced above the aggravated guideline range "shows that all relative [*sic*] factors were not considered, and instead the court picked out the factors that it determined to be the most appropriate in fashioning a sentence." *Id.* at 17. Appellant acknowledges that the trial court noted that it considered Appellant's criminal history, prior arrests, danger to the community, disregard for the safety of others, that Appellant is undeterred by pre-trial and post-trial conditions, and the PSI report in sentencing Appellant. *Id.* at 16-17.

Here, after "reconciling all the factors . . . and prioritizing the need to protect the community from someone who has demonstrated himself to be a danger, a grave danger," Trial Ct. Op. at 6, the trial court imposed a 30 to 60 months sentence for Appellant's conviction of Accidents Involving Death of Personal Injury. This sentence is 14 months above the upper-end of the standard guideline range of 6 to 16 months plus or minus 3 months.

In explaining its reasons for imposing a sentence in excess of the guidelines, the court noted that it considered the record before it and the applicable guidelines. The court observed that Appellant was 33 years old at the time of the instant crime and had a criminal record dating back to age 15, which included three adjudications of delinquency followed by seven convictions and six incarcerations as an adult. The court found "most notable" Appellant's repeated commission of crimes involving weapons and violence. *Id.* at 6 (citing N.T. Sentencing H'rg at 28-29). In addition, Appellant had a history of five probation or parole violations resulting in four revocations and pending charges for possessing contraband in prison while awaiting sentencing in this matter. *Id.* at 5. In addition, while serving his sentences in his prior convictions, Appellant had eight misconduct writeups; while awaiting sentencing in this matter, he received an additional five writeups. *Id.*

The trial court also considered the facts of the instant case, including evidence showing that Appellant lied to police when confronted about the operation of his car following the accident giving rise to the charges. *Id.* Several days later, Appellant fled from police when they attempted to execute an arrest warrant for him. *Id.*

It further considered the testimony of Appellant's family members, which indicated that Appellant has strong support of his family. However, the court did not consider this family support was a mitigating factor because it

found that "the support is uninformed at best and likely enables his conduct." *Id.* at 6 (citing N.T. Sentencing Hr'g at 29).

Following our review, we conclude that the trial court did not abuse its discretion in imposing a sentence exceeding the sentencing guidelines. It is clear that the court considered all relevant factors in imposing Appellant's sentence. Moreover, the court explained why the sentence imposed was appropriate and necessary for the protection of the public, the gravity of the offense, and Appellant's rehabilitative needs. Appellant asks us "to reweigh the sentencing factors and impose our judgment in place of the sentencing court[,]" which we cannot and will not do. *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009). Appellant is, thus, not entitled to relief on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/13/2024

- 11 -