J-S33028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARRITA SHANICE TERRELL | : | |
| | : | |
| Appellant | : | No. 350 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 17, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002401-2020

BEFORE: OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: DECEMBER 12, 2024**

Sharrita Terrell appeals from the judgment of sentence imposed after she pled guilty to various offenses arising from Terrell's assault of her three young children. She challenges the discretionary aspects of her sentence. Upon review, we affirm.

The trial court set forth the facts, established at the guilty plea hearing, as follows:

> In 2020, [Terrell] had three children. At the time, the children were twelve, eleven, and nine years old. [Terrell's] disciplinary actions involved the use of belts, hangers, and fists to strike the children. [On one occasion, Terrell] struck her nine-year-old child in the head with a frying pan [which drew blood]. During [another] incident involving Little Bites muffins, [Terrell put the children in a room and] tazed all three children multiple times while asking who ate the muffins. This action caused the children to drop to the floor. One child stated that he felt like he was going to [crawl] up the walls after being tazed [because of the pain].

Trial Court Opinion, 4/24/24, at 3. Terrell was arrested and charged with multiple offenses.

On April 18, 2023, Terrell pled guilty to three counts of aggravated assault of a child less than 13 years of age, two counts of using an incapacitation device, and one count of endangering the welfare of a child ("EWOC").[1] In exchange, the Commonwealth withdrew the ten remaining charges. Additionally, the plea agreement provided for a "range" sentence: the bottom range was 11 ½ to 23 months' incarceration and the top range was 3 to 6 years' incarceration.

On May 17, 2023, the trial court sentenced Terrell to: 3 to 6 years for each count of aggravated assault concurrent to each other; 1 to 2 years' incarceration for each count of use of an incapacitation device, concurrent to each other and the aggravated assault sentences; and two years' state supervision for EWOC, following incarceration. Terrell filed a post-sentence motion, which the court denied. No appeal was taken at that time.

Following an amended petition under the Post Conviction Relief Act,[2] the court reinstated Terrell's direct appeal rights on February 9, 2024. Terrell filed

---

[1] 18 Pa.C.S.A. §§ 2702(a)(9), 908.1(a)(1), and 4304.

[2] 42 Pa.C.S.A. §§ 9541-46.

the instant timely appeal. She and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Terrell raises the following single issue:

Whether the trial court abused its discretion by imposing an excessive sentence and failing to take into consideration mitigating factors and [Terrell's] history and character.

Terrell's Brief at 4.

Terrell challenges the discretionary aspects of her sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

(1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)). Terrell has satisfied the first three requirements under *Colon*. Accordingly, we must determine whether Terrell has raised a substantial question.

In her Rule 2119(f) statement, Terrell claims that the trial court abused its discretion by imposing an excessive sentence and failing to consider certain factors. Terrell argues the court did not consider her character and history, particularly her zero prior record score. She also argues that the court did not consider various mitigating factors including her treatment needs and her substantial personal growth since being charged in this case. Terrell's Brief at 17.

A claim that the court failed to consider relevant sentencing criteria when imposing a sentence of total confinement, which includes the history, character, and condition of the defendant raises a substantial question. *See Commonwealth v. Luketic*, 162 A.3d 1149, 1160 (Pa. Super. 2017); 42 Pa.C.S.A. § 9725. Additionally, a claim that the court failed to consider mitigating factors, in conjunction with a claim that the sentence was excessive, raises a substantial question. *See Commonwealth v. Velez,* 273 A.3d 6, 9 (Pa. Super. 2022), *appeal denied*, 283 A.3d 792 (Pa. 2022). Therefore, we will consider the merits of Terrell's sentencing claim.

Our standard of review of a sentencing claim is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Terrell claims that the trial court abused its discretion by sentencing her to 3 to 6 years' incarceration, which was the top end of the range of sentences agreed upon by the parties. Specifically, Terrell argues that the court failed to consider her history and character: she was a 32-year-old mother of four children;[3] she had no prior convictions. Terrell's Brief at 20. Additionally, Terrell maintains that the court did not consider various mitigating factors including: Terrell requires medical treatment/supervision for a heart blockage, cancer follow-up, and pregnancy; Terrell herself was a victim of domestic abuse and suffers from psychological and emotional issues as a result; and Terrell completed various courses in the areas of parenting and family, anger management, drug and alcohol, and mental health to improve herself. *Id.* at 23. Terrell acknowledges that her sentences were within the sentencing guidelines but claims that her sentence was excessive. *Id.* at 16.

We disagree.

Our Supreme Court has stated that the "sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (citation and quotation marks omitted). When imposing a sentence, the court must consider the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

_____

[3] At the time of sentencing, Terrell was pregnant with her fifth child.

42 Pa.C.S.A. § 9721(b). Additionally, a court must consider the applicable sentencing guidelines when sentencing a defendant. 42 Pa.C.S.A. § 9721(b). 2024). When imposing a sentence of total confinement, the court must have regard for "the nature and circumstances of the crime and history, character, and condition of the defendant . . . ." 42 Pa.C.S.A. § 9725. "In particular, the court should refer to the defendant's prior criminal record, [] age, personal characteristics and [] potential for rehabilitation." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005). On appeal, this Court "shall vacate the sentence and remand the case to the sentencing court with instructions if it finds that . . . the sentencing court sentenced within the sentencing guidelines, but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2).

Initially, we observe that Terrell agreed the trial court could impose a 3 to 6-year sentence as part of her plea. However, because the trial court still had discretion to impose a sentence within the agreed upon ranges, we do not view this as a negotiated plea. Moreover, Terrell's agreement weighs heavily against a conclusion that the court abused its discretion or that her sentence was unreasonable given that it was within the negotiated range. In fact, without this agreement, the court could have imposed a much lengthier sentence under the Sentencing Guidelines.

As Terrell emphasizes, her prior record score ("PRS") was zero. However, the offense gravity score ("OGS") for two of her crimes was high.

- 6 -

The OGS for each count of aggravated assault of a child less than 13, was 12. As such a standard minimum sentence was 48 to 66 months with a maximum sentence of 10 to 20 years' incarceration (Terrell pled to three counts of aggravated assault). The OGS for each count of use of an incapacitation device was 8 (Terrell pled guilty to two counts of this crime). Thus, the standard minimum sentence for Terrell was 9 to 16 months' incarceration with a maximum sentence of 5 to 10 years' incarceration.

The trial court sentenced Terrell to 3 to 6 years' incarceration for aggravated assault and 1 to 2 years' incarceration for use of an incapacitation device. Significantly, the court ran the sentences concurrently; it could have run them consecutively but for the plea agreement. Both sentences were in the middle of the standard range, which, in part, was based upon Terrell's PRS under the Sentencing Guidelines.

Where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. **See Commonwealth v. Cruz–Centeno**, 668 A.2d 536 (Pa. Super. 1995) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable). Furthermore, the court clearly was aware of and considered Terrell's PRS. It noted that the top end of the standard range under the guidelines for just the aggravated assaults was 66 months, much higher than the agreement. N.T., 5/17/23, at 15.

Additionally, our review of the record discloses that the trial court considered Terrell's history and character and relevant mitigating factors. **Id.**

at 16. The court had Terrell's pre-sentence investigation report ("PSI") and reviewed it. *Id.* at 7, 16. "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted); *see also Commonwealth v. Tirado,* 870 A.2d 362, 368 (Pa. Super. 2005) (stating if the court has the benefit of a PSI, the law expects that the court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). The court reviewed the Commonwealth and Terrell's sentencing memoranda as well. *Id.*

The trial court also heard argument from Terrell's counsel, who advocated for the shorter, 11 ½ month, county sentence at the bottom of the agreed upon range. Counsel argued that there were sufficient resources at the county level to help Terrell. Counsel further argued that Terrell endeavored to better herself since the incidents and had undergone counseling on her own. Counsel argued that work release would enable Terrell to get necessary services and start building a life for herself. *Id.* at 5-6. Terrell personally told the court that she had been working to make improvements and asked the court for grace. *Id.* at 15-16.

However, the trial court also heard from the children's guardian *ad litem* ("GAL") who told the court about the significant impact Terrell's conduct and the resulting aftermath (i.e., placements, facilities, lack of a mother to attend

the children's events or guide them) had on her children and will have into the future. The GAL further noted that this case was unusually complicated. She further emphasized that Terrell delayed resolving her criminal matter for years, which further affected the children. Finally, the GAL acknowledged that although there was some "pretty bad stuff," Terrell had done some good things for her children, and, despite everything, the children thought favorably of their mother. *Id.* at 7-11.

The Commonwealth told the trial court that, in 2015 (five years prior to the incident at issue here), there was another incident where Terrell beat the children with belts and received ARD. Further, it argued that Terrell had not accepted responsibility for her conduct and failed to recognize the emotional and psychological impact her conduct had on the children even though there was no long-standing physical impact. The Commonwealth argued that Terrell continued to minimize her conduct and claim that the matter was overcharged. *Id.* at 11-14.

Immediately before sentencing Terrell, the court noted that it based Terrell's sentence on the PSI and sentencing memoranda which detailed Terrell's history and character and relevant mitigating factors. *Id.* at 16. It also relied on Terrell's counsels' argument to the court. Trial Court Opinion, 4/24/24, at 6. Further, the court was aware of Terrell's PRS. Thus, the trial court considered all factors required by the Sentencing Code and imposed a sentence in accordance with the plea agreement. On appeal, "[w]e cannot re-weigh the sentencing factors and impose our judgment in place of the

sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009). In short, the trial court did not abuse its discretion when imposing Terrell's sentence in this case.

Judgment of sentence affirmed. Judge Olson joins. Judge Nichols concurs in result.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2024