J-S37012-21

2022 PA Super 56

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
    :            PENNSYLVANIA
    :
           v.     :
    :
    :
JUNITO VELEZ     :
    :
           Appellant     :     No. 1227 EDA 2021

Appeal from the Order Entered March 1, 2021
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0000699-2020

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY PANELLA, P.J.:                **FILED MARCH 31, 2022**

Junito Velez raises three claims challenging the sentencing court's discretion in sentencing him to an aggregate term of ten to 20 years' imprisonment after he pleaded guilty to robbery and aggravated assault. Specifically, he argues the sentencing court abused its discretion by paying undue attention to the circumstances of the crime itself, by failing to consider mitigating factors, and by imposing an unreasonable and excessive sentence outside the sentencing guidelines. We find no such abuse of discretion on the part of the sentencing court, and we therefore affirm.

The facts underlying Velez's crimes are not in dispute. On the morning of December 11, 2019, Velez and Jorge Velasquez were driving around the city of Easton, Pennsylvania, when they decided to commit a robbery. Velez

_____

[*] Former Justice specially assigned to the Superior Court.

had a metal baseball bat with him. Velez and Velasquez saw the victim walking down the street, with her phone, and they agreed to steal her phone. The two got out of the car, ran up behind the victim, and Velez struck the victim in the back of the head with the bat. The victim fell to the ground, and Velez continued to strike her head and body multiple times with the bat while Velasquez stomped on her head with his foot. At some point during the attack, the victim was shot in the head at least three times with a BB gun. Velasquez and Velez stole a bag from the victim, which they later discarded. The victim survived the attack, but suffered serious bodily injuries, including a concussion, a broken rib, a leg hematoma, nerve damage and a numb scalp.

Velez was arrested and charged with multiple crimes in relation to the attack. He eventually pleaded guilty to robbery with serious bodily injury and aggravated assault causing serious bodily injury, both felonies of the first degree. The court deferred sentencing so that a pre-sentence investigation ("PSI") report, psychological evaluation, and psychiatric evaluation could be performed.

On March 1, 2021, the trial court held a sentencing hearing at which Velez, Velez's grandmother, and the victim testified. The victim testified she suffered lingering effects, both physical and psychological, from the attack. **See** N.T., 3/1/21, at 34. She also testified the attack had impacted not only her, but her family and the community as well. **See id.** at 35. During allocution, Velez stated he was sorry for what he had done. **See id.** at 51.

Following the testimony, and prior to imposing sentence, the court gave a lengthy explanation for the sentence it had decided to impose. The court then sentenced Velez to a sentence outside the guidelines but within the statutory maximum for each of the convictions: ten to 20 years' imprisonment for the robbery count and ten to 20 years' imprisonment for the aggravated assault count. Per the plea agreement, the court ordered the sentences to run concurrently.

Velez filed a post-sentence motion seeking reconsideration of his sentence, which the trial court denied. Velez then filed a timely notice of appeal and a court-directed Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On appeal, Velez raises three claims, all of which challenge the discretionary aspects of his sentence:

1. Did the Trial Court abuse its discretion when it failed to conduct an individualized sentencing of [Velez] and considered the circumstances of the offense and its impact on the victim to the exclusion of all other sentencing factors?

2. Did the Trial Court abuse its discretion when it failed to consider mitigating factors?

3. Did the Trial Court abuse its discretion when it imposed an excessive and unreasonable sentence outside of the guideline ranges on [Velez]?

Appellant's Brief at 4 (double spacing and suggested answers omitted).

When an appellant raises claims challenging the discretionary aspects of his sentence, as Velez does here, this Court will only review the claims if

the appellant shows he filed a timely notice of appeal, properly preserved his claims at sentencing or in a post-sentence motion, included a statement pursuant to Pa.R.A.P. 2119(f) in his brief, and raised a substantial question that his sentence is not appropriate under the Sentencing Code. ***See Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (defining a substantial question as one where the appellant advances a colorable argument that the sentencing court's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process).

Velez has met all of these requirements. He filed a timely appeal, preserved his claims in a post-sentence motion and included a Rule 2119(f) statement in his brief. In that statement, Velez cited cases supporting his contention that each of his three claims raises a substantial question under the Sentencing Code. ***See Commonwealth v. Lewis***, 45 A.3d 405, 411 (Pa. Super. 2012) (finding allegations that the sentencing court focused exclusively on the seriousness of the crime raises a substantial question); ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating that a sentencing court's failure to consider mitigating circumstances raises a substantial question); ***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (stating that a claim that a sentence was excessive in light of certain mitigating factors raises a substantial question).

We therefore proceed to the merits of Velez's claims challenging the discretionary aspects of his sentence, mindful of our standard of review that we will not disturb a sentence unless we find the sentencing court committed a manifest abuse of discretion. *See Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019). In reviewing a record to determine if the sentencing court abused its discretion, the Sentencing Code instructs this Court to consider the nature and circumstances of the crime; the history and characteristics of the defendant; the sentencing court's findings as well as the court's opportunity to observe the defendant, including through presentence investigation; and the sentencing guidelines. *See* 42 Pa.C.S.A. § 9781(d).

The Sentencing Code additionally instructs sentencing courts to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The balancing of these Section 9721(b) sentencing factors is within the sole province of the sentencing court. *See Lekka*, 210 A.3d at 353.

The sentencing court must also consider the sentencing guidelines when sentencing a defendant. *See* 42 Pa.C.S.A. § 9721(b). However, the sentencing guidelines are purely advisory in nature - they are not mandatory. *See Commonwealth v. Yuhasz,* 923 A.2d 1111, 1118 (Pa. 2007). A court may therefore use its discretion and sentence defendants outside the guidelines, as long as the sentence does not exceed the maximum sentence allowed by

statute. **See id.** at 1118-19. When a court deviates from the sentencing guidelines, it must state the reasons for doing so on the record. **See Commonwealth v. McLaine**, 150 A.3d 70, 76 (Pa. Super. 2016). This Court may vacate a sentence if it finds the "sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3).

Further, the weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the court's exclusive domain. **See Commonwealth v. Chilquist**, 548 A.2d 272, 274 (Pa. Super. 1988). This Court has stated that when a court possesses a pre-sentence report, it is presumed the court "was aware of and weighed all relevant information contained [in the report] along with any mitigating sentencing factors." **Commonwealth v. Marts**, 889 A.2d 608, 615 (Pa. Super. 2005) (citation omitted).

Here, although Velez raises three purportedly distinct claims challenging the discretionary aspects of his sentence, those claims substantially overlap. He argues the sentencing court abused its discretion by placing undue emphasis on the "brutality" of the crime and its impact on the victim "to the exclusion of other sentencing factors." Appellant's Brief at 19, 21. He contends the court failed to consider numerous mitigating factors, including his remorse and assumption of responsibility for the crime, that he was only 18 years old at the time of the crime, and that he had a history of mental health issues and

was under the influence of drugs and alcohol at the time of the robbery. He maintains the sentence imposed by the court, which was outside the guidelines, was unreasonable given his "age, immaturity, lack of criminal record, mental health issues, and displays of genuine remorse." *Id.* at 25. These claims offer no basis for relief.

The sentencing court gave a lengthy explanation for Velez's sentence both at the time of sentencing and in its 33-page Pa.R.A.P. 1925(a) opinion. The court reviewed the sentencing guidelines applicable to both the robbery and aggravated assault counts, outlining the minimum sentence ranges as they related to Velez as well as that both counts carried a maximum sentence of 20 years. *See* N.T., 3/1/21, at 49-50. In doing so, the court acknowledged that Velez had no prior criminal record. *See id.* at 80.

The court stated it had reviewed the court-ordered PSI report, psychological evaluation and psychiatric evaluation. *See id.* at 79, 82-83 ("I have thoroughly reviewed all of these reports and considered all of the recommendations"), 84.

As for the PSI report, the court specifically noted Velez reported having drug and alcohol issues, including the daily use of alcohol, marijuana, Percocet, heroin, and ecstasy. *See id.* at 81. The court also noted that the probation officer conducting the PSI report opined that Velez's prognosis for community supervision after a period of incarceration was "very guarded," *id.*, when accounting for the following information:

Velez admitted guilt to the instant offense and takes responsibility for his actions as well as feeling remorseful. To [Velez]'s credit is his young age and his continuing education toward his high school diploma currently. Weighing against [Velez] is the serious and violent nature of the instant offense and the victim's significant and severe injuries. Also weighing against [Velez] is his extensive admitted substance abuse at such a young age, lack of treatment, and lack of compliance of mental health treatment.

Trial Court Opinion, 8/12/21, at 30 (*quoting* Northampton County Presentence Investigation, 9/14/20, at 6).

The court also stated it had reviewed the court-ordered psychological evaluation, which included the fact that Velez reported hearing voices directing him to harm himself. **See** N.T., 3/1/21, at 82. The court read the report's notation that "quote, Velez's criminal acts by themselves are concerning enough but even more concerning given his statement that he does not know why he did this, end quote." **Id.** Our own review of the report reveals it also cataloged Velez's history of ADHD, anger issues, hallucinations and depressive episodes, and contained Velez's contentions that he was intoxicated at the time of the crime and felt remorse for the crime. **See** Confidential Report by Dynamic Counseling Associates, 7/23/20, 2, 3, 5, 9, 10.

The court stated it had also reviewed the contents and recommendations of the court-ordered psychiatric evaluation. **See** N.T., 3/1/21, at 82. That evaluation gave a detailed account of Velez's psychiatric history as well as his drug and alcohol history and recounted that the evaluator had ultimately diagnosed Velez with several disorders, including psychotic disorder

unspecified, depressive disorder unspecified and attention deficit disorder. *See* Court-Ordered Psychiatric Evaluation, 9/14/20, at 2-4.

The court also stated it had considered all of the testimony given at the hearing, as well as the aggravating factors referred to by the Commonwealth. *See* N.T., 3/1/21, at 79, 83. The court considered the circumstances of what it described as a "brazen, savage, and merciless" attack, *id.* at 86-67, including that the victim was innocent and random, that Velez had inflicted more harm than was necessary to steal the victim's property and had done so using a metal baseball bat, and that the victim had sustained life-long injuries from the attack, *see id.* at 83-84.

The court explicitly stated on the record that it had considered each of the Section 9721(b) sentencing factors, Velez's significant drug and alcohol abuse, his mental health history, and the mitigating factors outlined in Velez's pre-sentence memorandum. *See id.* at 79, 84-85. That memorandum specifically provided that Velez was only 18 years old and "drunk and high" at the time of the crime, that he was remorseful and took responsibility for the crime, and also recounted his mental health history, his history of drug abuse, and his list of diagnoses. *See* Defendant's Pre-sentence Memorandum, 2/25/21, at 1-3, 7.

The court then read the facts of the attack, as recounted and agreed to by Velez at his guilty plea hearing. The court stated it was going to show Velez the same mercy he had shown the victim, and was going to "depart from the

guidelines, and … sentence [him] to the maximum period allowed by law."

N.T., 3/1/21, at 87. The court continued:

> [A]fter weighing all the factors, the Court believes the only appropriate sentence would be to sentence the defendant to the statutory maximum. And, again, my only regret ... is that I could not give you more time.

*Id.*

As all of the above makes clear, the court did not, as Velez alleges, only consider the gravity of the offense to the exclusion of the other Section 9721(b) sentencing factors or fail to consider mitigating factors. To the contrary, the court specifically stated on the record that it had considered all of the Section 9721(b) factors, including the rehabilitative needs of Velez. It also highlighted on the record that it had considered all the mitigating factors in Velez's pre-sentence memorandum, which included the mitigating factors Velez now says the court failed to consider. The court also stated on the record several times that it had considered Velez's extensive drug and alcohol history and his mental health history, as well as the information and recommendations in the three pre-sentence reports it had ordered. As such, the record clearly belies Velez's claims that the court abused its discretion by not considering the Section 9721(b) sentencing factors or the mitigating circumstances before imposing his sentence. The weight accorded to those sentencing factors, as well as to the mitigating circumstances, was within the sentencing court's sole discretion. **See Lekka**, 210 A.3d at 353; **Chilquist**, 548 A.2d at 274.

Velez also claims the court abused its discretion by imposing an unreasonable sentence. Velez summarily asserts the court's sentence "exceeding all guideline ranges" was unreasonable in light of his age, immaturity, lack of prior record, expressions of remorse, potential for rehabilitation and mental health and drug and alcohol issues. This claim is also meritless.

As noted above, this Court may vacate a sentence that is outside the guidelines and found to be unreasonable pursuant to 42 Pa.C.S.A. § 9781(c)(3). While the Sentencing Code does not define unreasonableness, our Supreme Court has explained that the concept "commonly connotes a decision that is 'irrational' or 'not guided by sound judgment.'" **Commonwealth v. Walls**, 926 A.2d 957, 963 (Pa. 2007) (citations omitted). In deciding whether a sentencing court has issued a sentence that was unreasonable, the Supreme Court has instructed us to be guided by the considerations listed in Section 9781(d) and whether the trial court properly considered the sentencing factors outlined in Section 9721(b). **See id.** at 964. We must also undertake this inquiry through the lens of whether the trial court abused its discretion. **See id.** at 962.

We cannot say the sentencing court abused its discretion in imposing this sentence. As detailed above, the court considered a multitude of factors before imposing its sentence, including the Section 9721(b) sentencing factors, the sentencing guidelines, the nature and circumstances of the

offense, the PSI, the psychiatric report, the psychological report, the testimony at the sentencing hearing, and the mitigating and aggravating factors that had been presented to it. This does not connote a decision that is irrational or not guided by sound judgment. *See Walls*, 926 A.2d at 963. As the sentencing court stated, "while Velez may disagree with the manner in which the Court weighed the statutory factors and the sentence we imposed, this Court's decision was not unreasonable." Trial Court Opinion, 8/12/21, at 32.

We also briefly address the claim Velez has tacked on to the end of his brief that appears to allege his sentence was also unreasonable because the sentencing court misstated the aggravated range minimum sentence for aggravated assault as 55 months to 76 months of incarceration, when the correct range is actually 54 months to 66 months of incarceration. This, according to Velez, "made the sentence seem less extreme than it actually was." Appellant's Brief at 28. However, as the Commonwealth points out, this claim is waived because it was not included in either Velez's Rule 1925(b) statement or his Rule 2119(f) statement. *See* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Robinson*, 931 A.2d 15, 19 (Pa. Super. 2007) (*en banc*). The argument is also not included in the summary of the argument section of Velez's brief, as required by our Rules of Appellate Procedure. *See* Pa.R.A.P.

2118. As such, this belated claim, like his other claims, offers Velez no basis for relief.[1]

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *3/31/2022*

---

[1] Velez seems to base this argument on the aggravated guideline range for aggravated assault the sentencing court provided in its 1925(a) opinion. However, again as the Commonwealth points out, at the sentencing hearing, the court accepted the corrections counsel for Velez had made to the guideline range, which counsel for Velez then specifically agreed were correct. **See** N.T., 3/1/21, at 49. The Commonwealth also notes the guideline ranges for robbery, the more serious offense, were correct. Accordingly, even if Velez had not waived this claim, he has not shown it establishes his sentence was unreasonable.