J-S44006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                               :            PENNSYLVANIA
                                               :

                  v.                      :

ROBERT TODD                         :

               Appellant       :     No. 1756 EDA 2023

Appeal from the Judgment of Sentence Entered May 17, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001004-2023

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:           **FILED DECEMBER 15, 2023**

Appellant, Robert Todd, appeals from the judgment of sentence entered

May 17, 2023, as made final by the denial of his post-sentence motion on May

31, 2023. We affirm.

The facts and procedural history of this case are as follows. On

November 2, 2022, Appellant

> stole copper piping from the Hammock Hotel (hereinafter "the
> Hotel") in Levittown, Bucks County, Pennsylvania, valued at
> $2,000[.00]. The Hotel's owner, Nishant Ghael, advised that[,
> at the time Appellant stole the piping,] the Hotel was closed for
> business due to renovations and that he did not authorize
> Appellant to be on the property. Appellant entered the Hotel
> from an opening where an air conditioning unit was previously
> installed and ran from police when they arrived on scene.

Trial Court Opinion, 7/25/23, at 1.

---

[*] Retired Senior Judge assigned to the Superior Court.

On May 17, 2023, Appellant entered a guilty plea to criminal trespass, theft by unlawful taking, and receiving stolen property.[1] That same day, the trial court imposed a mitigated-range sentence of nine to 23 months' incarceration. Appellant filed a post-sentence motion on May 25, 2023, which the trial court denied on May 31, 2023. This timely appeal followed.

Appellant raises the following issue on appeal:

Did the trial court abuse its discretion in sentencing Appellant by imposing a manifestly excessive sentence and failing to consider all relevant factors?

Appellant's Brief at 7.

Appellant raises a challenge to the discretionary aspects of his sentence. This Court previously explained:

It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. **Commonwealth v. W.H.M.**, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f);

_____

[1] 18 Pa.C.S.A. §§ 3503, 3921, and 3925, respectively.

and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

[**Moury**, 992 A.2d] at 170 [(citation omitted)].

**Commonwealth v. Hill**, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted).

Herein, Appellant filed a timely notice of appeal, preserved his sentencing challenge by filing a post-sentence motion, and included a Rule 2119(f) concise statement in his appellate brief. **See** Appellant's Brief at 9-10. Thus, we turn to whether Appellant raised a substantial question. A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) "inconsistent with a specific provision of the sentencing code" or (2) is "contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Mastromarino**, 2 A.3d 581, 585 (Pa. Super. 2010) (citation omitted), *appeal denied*, 14 A.3d 825 (Pa. 2011). This issue is evaluated on a case-by-case basis. **Id.** at 587 (citation omitted). This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. **Commonwealth v. Radecki**, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in

which the court's actions violated the sentencing code." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. 2006).

Appellant's Rule 2119(f) statement lodges two claims, neither of which raise a substantial question. First, Appellant claims that "the trial court failed to consider all relevant factors such as [his] family history, age, or rehabilitative needs." Appellant's Brief at 9. Ostensibly, Appellant's argument implies that the trial court failed to adequately consider mitigating factors. Our case law is clear, however, that claims of inadequate consideration of mitigating factors do not raise a substantial question. ***See Commonwealth v. Crawford***, 257 A.3d 75, 79 (Pa. Super. 2021); ***see also Commonwealth v. Velez***, 273 A.3d 6, 10 (Pa. Super. 2022) (noting that the "weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the [sentencing] court's exclusive domain.").

Second, Appellant avers that the "sentence imposed by the trial court was manifestly excessive and unreasonable." Appellant's Brief at 10. Appellant, however, failed to "sufficiently articulate[] the manner in which the sentence imposed violate[d] a specific provision of the Sentencing Code or the norms underlying the sentencing process." ***Commonwealth v. Derrickson***, 242 A.3d 667, 680 (Pa. Super. 2020); ***see also Commonwealth v. Mouzon***, 812 A.2d 617, 627 (Pa. 2002) ("[O]nly where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will

such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence."). To the contrary, Appellant recognizes that the trial court sentenced him in the mitigated range and offers no explanation of how, by doing so, the trial court committed an error of law.

Because neither of Appellant's claims raise a substantial question, we will not review the merits of his discretionary sentencing claim.

Order affirmed.

Judge Nichols joins.

Judge Colins concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/15/2023