J-A13015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEWEL BETTS | : | |
| | : | |
| Appellant | : | No. 679 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 10, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007047-2020

BEFORE:  OLSON, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: June 28, 2024**

Appellant, Jewel Betts, appeals from the judgment of sentence entered May 10, 2023, following revocation of her probation.  We affirm.

On November 13, 2020, Appellant was charged by criminal information with one count of robbery, one count of aggravated assault with a deadly weapon, one count of recklessly endangering another person, one count of criminal conspiracy, and two counts of burglary.  On October 14, 2021, Appellant pled guilty to robbery.[1]  Appellant appeared for sentencing on February 22, 2022, during which the trial court sentenced Appellant to three years' probation, with a nine-month period of electronic home monitoring.

Thereafter, Appellant was alleged to have violated the conditions of her probation.  The trial court convened a  probation violation hearing on

_____

[1] 18 Pa.C.S.A. § 3701(a)(1)(iii).

September 7, 2022. **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973). At the hearing, Appellant's probation officer, Autumn Weaver, testified about Appellant's numerous technical violations. **See** N.T. Hearing, 9/7/22, at 3-4 (explaining Appellant violated the terms of her electronic home monitoring over 30 times by way of "unauthorized leaves, base tampers, motions and power losses" and that Appellant failed to comply with her treatment). Ultimately, the trial court decided to continue Appellant's original sentence, including electronic home monitoring, and further ordered Appellant to participate and comply with Justice Related Services. **Id.** at 7-8.

A short time later, Appellant was again alleged to have violated the terms of her probation. As such, the trial court convened another probation violation hearing on May 10, 2023. **See Gagnon**, **supra**. This time, Appellant was charged with violating the terms of her probation *via* technical violations, as well as new convictions. More specifically, Officer Weaver testified that Appellant committed additional "electronic home [monitoring] violations," failed to attend treatment as required, "accrued [new] criminal charges . . . for robbery and criminal conspiracy," and recently entered a guilty plea to simple assault. N.T Hearing, 5/10/23, at 5-7. Based upon the foregoing, the trial court revoked Appellant's probation and re-sentenced her to two and one-half to six years' incarceration.

On June 7, 2023, Appellant filed an emergency application for permission to file a post-sentence motion *nunc pro tunc*, as well as a substantive post-sentence motion *nunc pro tunc*. The next day, the trial court

entered the following order: "A post-sentence motion *nunc pro tunc* is expressly permitted to be filed[.] Moreover, the post-sentence motion *nunc pro tunc* simultaneously filed with said application is expressly accepted." Trial Court Order, 6/8/23, at 1. In a separate order, the trial court denied Appellant's substantive post-sentence motion filed *nunc pro tunc*. This timely appeal followed.[2]

Appellant raises the following issue on appeal:

> In revoking and re-sentencing [Appellant] to [two and one-half to six] years' incarceration, whether the trial court abused its discretion in failing to consider mandatory sentencing factors, in violation of 42 Pa.C.S.A. § 9721(b)?

Appellant's Brief at 6.

Appellant raises a challenge to the discretionary aspects of her sentence. This Court previously explained:

> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

_____

[2] A motion to modify a sentence imposed after revocation of probation must be filed within 10 days of its date of imposition, but such a motion does not toll the 30-day appeal period. ***See*** Pa.R.Crim.P. 708(E). Here, however, the record reflects that Appellant filed her notice of appeal on June 8, 2023. ***See*** Notice of Appeal, 6/8/23, at 1. Because Appellant's notice of appeal was filed within 30 days of her judgment of sentence, her appeal is timely.

An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

[*Moury*, 992 A.2d] at 170 [(citation omitted)].

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted).

Herein, Appellant filed a timely notice of appeal, preserved her sentencing challenge by filing a post-sentence motion, and included a Rule 2119(f) concise statement in her appellate brief. *See* Appellant's Brief at 24-30. Thus, we turn to whether Appellant raised a substantial question. A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) "inconsistent with a specific provision of the sentencing code" or (2) is "contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010) (citation omitted), *appeal denied*, 14 A.3d 825 (Pa. 2011). This issue is evaluated on a case-by-case basis. *Id.* at 587 (citation omitted). This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a

substantial question exists. ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. 2006).

In her Rule 2119(f) statement, Appellant claims that trial court committed an abuse of discretion by failing to consider "her personal history, character, and treatment and rehabilitative needs" and, instead, "focused solely on the seriousness, frequency and timing of her violations." Appellant's Brief at 28. Ostensibly, Appellant's argument implies that the trial court failed to adequately consider mitigating factors. Our case law is clear, however, that claims of inadequate consideration of mitigating factors do not raise a substantial question. ***See Commonwealth v. Crawford***, 257 A.3d 75, 79 (Pa. Super. 2021); ***see also Commonwealth v. Velez***, 273 A.3d 6, 10 (Pa. Super. 2022) (noting that the "weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the [sentencing] court's exclusive domain."). Because Appellant fails to raise a substantial question, we will not review the merits of her discretionary sentencing claim.[3]

_____

[3] Even if we were to find that Appellant raised a substantial question, we would reject the contention that the trial court abused its discretion in refusing to
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

6/28/2024

---

consider Appellant's character as it is directed to do under Section 9721(b) of the Sentencing Code. On the contrary, the certified record makes clear that the trial court was quite familiar with Appellant's character, her behavior while under supervision, and the mitigating factors surrounding her convictions. In fact, the record is replete with instances in which the trial court demonstrated its familiarity with Appellant's character and circumstances. We also note that, during the May 10, 2023 hearing, the trial court had Appellant's presentence report and, as such, is presumed to be "aware of relevant information regarding the defendant's character" and to have "weighed those considerations along with mitigating factors." **Commonwealth v. Wallace**, 244 A.3d 1261, 1279 (Pa. Super. 2021) (citation and internal quotations omitted); **see also** N.T. Hearing, 5/10/23, at 17. In view of these undisputed facts, we are persuaded that the trial court gave due consideration to the mitigating factors in this case but, upon careful deliberation, elected to impose a sentence of state incarceration in order to vindicate the authority of the court and to pursue a more intense and structured course of rehabilitation. We perceive no abuse of discretion in view of the record before us.