J-S32023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AUSTIN JAMES DENNIS | : | |
| | : | |
| Appellant | : | No. 1458 MDA 2024 |

Appeal from the Judgment of Sentence Entered September 23, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001094-2022

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:           **FILED: DECEMBER 3, 2025**

Austin James Dennis appeals from the judgment of sentence entered after he was convicted of numerous sexual offenses against two children. He challenges the discretionary aspects of his 40-to-80-year sentence. Because Dennis never apprised the trial court of the specific issue he advances on appeal, we conclude that he waived his issue and thus affirm.

After a non-jury trial on June 6, 2024, Dennis was convicted of two counts of rape of a child, two counts of involuntary deviate sexual intercourse (IDSI) with a child, and other crimes.[1] Notably, rape of a child and IDSI with a child each carry mandatory minimum sentences of 10 years, although a

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3121(c), 3123(b), 3125(b) (aggravated indecent assault of a child), 6301(a)(1)(ii) (corruption of minors, 2 counts), 3126(a)(7) (indecent assault of a person less than 13 years of age, 2 counts), and 3127(a) (indecent exposure, 2 counts).

sentencing court can order the sentences to be served concurrently or consecutively.  42 Pa.C.S. § 9718(a).

Dennis appeared for sentencing on September 23, 2024.  He did not exercise his right to allocution.  Defense counsel advocated that all four mandatory sentences be run concurrently, for an aggregate of 10 to 20 years of confinement.  The Commonwealth recommended they run consecutively, for 40 to 80 years.  The trial court explained its reasons for imposing sentence:

> This was a very, very difficult case for everyone involved.  And I'm sure your attorneys explained to you that a trial judge has a wide latitude in fashioning an appropriate sentence in the interest of justice and with keeping in mind the objectives of sentencing, retribution, rehabilitation, deterrence, [and] incapacitation.
>
> These are some very, very serious crimes that you are convicted of.  And the testimony was very, very compelling.  You're a 25-year-old man with two children yourself.  You work full time.  It's a shame that this has occurred.  **You chose not to speak here today, which is your right, but you've shown no remorse, zero remorse.**
>
> I sat through this trial and I remember the testimony very well.  And you, sir, stole the innocence of two very young girls, two victims, who are powerless.  That was a monstrous betrayal of trust by an adult on two young children and the pain will inflict them for the rest of their lives.  They are going to deal with emotional and mental torment due to your actions.
>
> And they were very brave when they testified and they told me about things -- they told the courtroom that you did [things] to them that no young child should know anything about.  And despite their bravery, they sat on that stand and they trembled with fear and the youngest one clutched her stuffed animal, terrified.  In the video, you admitted that you had anal and oral sex, but you claim you did not force them.  That doesn't make it any better.
>
> We need to serve the needs of justice here today.  And in keeping in mind the sentencing objectives of retribution,

rehabilitation, deterrence, and incapacitation, and it is clear to me you belong behind bars for a lengthy amount of time. You hurt both of these children badly for the rest of their lives.

N.T., 9/23/24, at 6–7 (emphasis added).

The trial court adopted the Commonwealth's recommendation and ordered that Dennis' mandatory 10-to-20-year sentence for all four sexual offenses run consecutively. The court sentenced Dennis to concurrent periods of incarceration at the remaining counts. It ordered that Dennis serve three years of consecutive probation. *See* 42 Pa.C.S. § 9718.5.

The trial court advised Dennis of his post-sentence and appellate rights. Dennis did not object on the record to any aspect of his sentence. Dennis did not file post-sentence motions. Dennis filed a timely notice of appeal.

The trial court directed Dennis to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Dennis did not do so, and the court entered an opinion reasoning that Dennis waived any issues he could raise. Dennis later applied to this Court for remand to file a Rule 1925(b) statement. We granted the application, and Dennis filed a statement alleging eight errors, including one about the discretionary aspects of his sentence:

> The sentence imposed was excessive to the degree that it amounted to an abuse of discretion.
>
> > a. [Dennis] was sentenced consecutively on two counts of Rape and two counts of Involuntary Deviate Sexual Intercourse with a Child providing a minimum forty (40) year sentence. The sentence did not consider the protection of the public or the rehabilitative needs of [Dennis] and was contrary to the fundamental norms of sentencing.

Concise Statement, 3/27/25, at 1–2, at ¶ 7.

The trial court entered an opinion on the merits of each of Dennis' eight alleged errors. As to Dennis' discretionary sentencing claim, the trial court concluded that "the standard range sentence imposed was not excessive, was appropriate under the facts and circumstances of this case, sufficiently reasoned on the record, accounted for [Dennis'] rehabilitative needs as well as considered the protection of the public and was not contrary to the fundamental norms of sentencing." Trial Court Opinion, 4/14/25, at 12. In its thorough analysis, the court stated that it "further noted, on the record, [Dennis'] lack of remorse and the fact that he chose not to speak at sentencing." *Id.* at 16.

On appeal, Dennis has abandoned all but one issue: "Whether the sentence imposed was excessive to the degree that it amounted to an abuse of discretion." Dennis' Brief at 10. Dennis precedes his argument on this issue with a concise statement of matters relied upon for allowance of appeal. *See* Pa.R.A.P. 2119(f). There, Dennis alleges that the trial court considered an impermissible factor—Dennis' silence at sentencing—and imposed an excessive sentence by ordering four mandatory terms to be served consecutively. Dennis argues that the trial court inappropriately considered his silence as indicative of his failure to take responsibility for his crimes. *See* ***Commonwealth v. Bowen***, 975 A.2d 1120, 1127 (Pa. Super. 2009).

A challenge to the discretionary aspects of sentencing "must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a

discretionary aspect of a sentence is waived." *Commonwealth v. Shugars*, 895 A.2d 1270, 1273–74 (Pa. Super. 2006) (citation omitted). Issue preservation is the second of four requirements an appellant must meet to invoke our jurisdiction over such a claim: an appellant must show "he filed a timely notice of appeal, properly preserved his claims at sentencing or in a post-sentence motion, included a statement pursuant to Pa.R.A.P. 2119(f) in his brief, and raised a substantial question that his sentence is not appropriate under the sentencing code." *Commonwealth v. Velez*, 273 A.3d 6, 9 (Pa. Super. 2022). This upholds the principle "that trial judges must be given an opportunity to correct errors at the time they are made. A party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected." *Commonwealth v. Spone*, 305 A.3d 602, 611 (Pa. Super. 2023) (citation and brackets omitted).

Here, Dennis did not object at sentencing or in a post-sentence motion to the trial court's consideration of his silence at sentencing. The first time Dennis challenged his sentence as excessive, in his Rule 1925(b) statement, it was too late to preserve the issue. *See Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa. Super. 2003). The first time Dennis challenged the trial court's consideration of his silence, in his brief, was even later. We therefore deny Dennis' allowance of appeal over his challenge to the discretionary aspects of his sentence. Because this is the only issue on appeal for which Dennis claims the trial court erred, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/3/2025