J-S37035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS G. LOFTON | : | |
| | : | |
| Appellant | : | No. 443 EDA 2025 |

Appeal from the Judgment of Sentence Entered November 1, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002656-2022

BEFORE:   DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 16, 2025**

Appellant Marcus G. Lofton appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after Appellant pled guilty to two counts of homicide by vehicle while driving under the influence ("homicide by vehicle while DUI") as well as DUI.  Appellant argues that the trial court abused its discretion in imposing a harsh and excessive sentence that failed to account for certain mitigating factors.  We affirm.

At Appellant's plea hearing held on March 15, 2024, the Commonwealth set forth the following basis for Appellant's guilty plea.  On November 6, 2021, at approximately 10:42 p.m., Philadelphia police officers were dispatched to a two-car motor vehicle accident that had occurred at the intersection of Stenton and Johnson Streets in Philadelphia.  Notes of Testimony (N.T.),

_____

[*] Former Justice specially assigned to the Superior Court.

3/15/23, 11.  Upon their arrival, emergency personnel observed Appellant was sitting in a Lexus automobile one block away from a Toyota Camry that was engulfed in flames.  *Id.* at 11-12.  Fire and rescue crews that responded to the accident were unable to extricate the occupants of the burning vehicle.  *Id.* at 11-12.  Investigators subsequently used dental records to identify the victims as Ryan Williams (33 years old) and Abdul Hineef Adams (28 years old).  *Id.* at 13.  Appellant was pulled from his vehicle and taken to Einstein Hospital, where he was treated for his injuries.  *Id.* at 14.  Hospital personnel drew Appellant's blood, which showed that his blood alcohol level was .253%, more than three times the legal limit.  *Id.*

After further investigation, the officers were able to obtain video footage of the moments before the accident and the crash itself.  The video shows the victims exiting a nearby bar and walking to the car, where Williams entered the driver's seat and Adams sat in the passenger seat.  *Id.* at 11-12.  After Williams pulled up to the red traffic light at the intersection and waited a few seconds, Appellant's vehicle crashed into them from behind.  *Id.* at 12. The impact of the crash was so powerful that the victim's car exploded on impact and was pushed a block down the street.  *Id.*

Officers from the Crash Investigation Division (CID) performed accident reconstruction analysis and determined that at the time of impact, Appellant was driving between 79.6 and 94.8 m.p.h.  *Id.* at 14.  Further, the officers determined that Appellant had been driving 99 m.p.h. through the streets of Philadelphia just seconds prior to impact.  *Id.*

Based on the aforementioned facts, Appellant entered an open guilty plea to two counts of homicide by vehicle while DUI as well as DUI. The trial court deferred sentencing for the preparation of a presentence investigation report (PSI), a mental health evaluation (MHE), and a court reporting network evaluation (CRN).

On November 1, 2024, the trial court held a sentencing hearing at which Appellant presented the testimony of multiple family members and Appellant's sponsors from Alcoholics Anonymous, who testified as to Appellant's character and efforts at rehabilitation. The Commonwealth presented the testimony of multiple family members of the victims, who addressed the impact of the victims' deaths.

The trial court acknowledged that the sentencing guidelines recommended a sentence of 36-48 months' imprisonment (plus or minus 12 months for the aggravated and mitigated range). However, both parties acknowledged that Appellant was subject to two consecutive mandatory terms of five to ten years' imprisonment pursuant to 75 Pa.C.S.A. § 3735.

The Commonwealth requested that the trial court impose a term of 7½-15 years' imprisonment for each conviction of homicide by vehicle while DUI, leading to an aggregate term of 15–30 years' imprisonment. The Commonwealth highlighted that the PSI revealed that Appellant had a prior conviction for driving under the influence in North Carolina ten years earlier in which he seriously injured another individual. N.T., 11/1/24, at 62-64. The Commonwealth also expressed skepticism at Appellant's claim that he was

making efforts towards rehabilitation when his PSI indicated that Appellant was using illicit drugs (PCP) on bail, had no legitimate employment, and admitted to dealing drugs to support himself. *Id.* at 63-65. The Commonwealth emphasized that the PSI report contained a conclusion that Appellant had "not shown a commitment to address his extensive substance abuse problems[,] … change his criminal behavior, or comply with the rules and regulations imposed by this Court." *Id.* at 65.

Defense counsel asked for the trial court's leniency, emphasizing that Appellant had taken full responsibility for the accident. *Id.* at 68. Defense counsel specifically asked that the trial court consider Appellant's rehabilitative needs. *Id.* at 70-71. Appellant also made a statement to the sentencing court, acknowledging the gravity of his behavior and noting that he was "devoting himself to sobriety now and alcohol awareness." *Id.* at 70-76.

At the conclusion of the hearing, the trial court imposed two consecutive terms of 6½-13 years' imprisonment for the two convictions of homicide by vehicle while DUI. No further penalty was imposed on the DUI conviction. Thus, Appellant received an aggregate sentence of 13-26 years' imprisonment. The trial court also ordered Appellant to pay restitution to the victims' families. On November 12, 2024, Appellant filed a motion for reconsideration of his sentence, which the trial court subsequently denied on January 13, 2025. This timely appeal followed.

Appellant raises one issue for our review:

Was the sentence imposed in this case harsh and excessive under the circumstances and did the sentence imposed fail to give appropriate weight to the overwhelming evidence supporting mitigation?

Appellant's Brief, at 5. Specifically, Appellant argues that the trial court failed to consider that he had strong family support against further recidivism, exhibited long term efforts and substance abuse rehabilitation, and accepted full responsibility for his offenses.

In reviewing a challenge to the trial court's sentencing discretion, we are mindful that:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and emphasis omitted).

Appellant filed a timely post-sentence motion and notice of appeal. His appellate brief includes a statement of reasons for allowance of appeal with respect to the discretionary aspects of sentence pursuant to Pa.R.A.P. 2119(f). Therefore, we must determine whether Appellant's challenge to the discretionary aspects of his sentence constitutes a substantial question for our review. "[T]o establish a substantial question, the appellant must show

actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis." **Commonwealth v. Bonner**, 135 A.3d 592, 603 (Pa.Super. 2016) (citations omitted).

This Court has held that a claim that the trial court erred by "imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question." **Commonwealth v. Smith**, 206 A.3d 551, 567 (Pa.Super. 2019) (quoting **Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa.Super. 2003)). Thus, we find that Appellant has raised a substantial question for our review.

Our standard of review for a challenge to the discretionary aspects of sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Reid**, 323 A.3d 26, 30–31 (Pa.Super. 2024) (quoting **Commonwealth v. Gonzalez**, 109 A.3d 711, 731 (Pa.Super. 2015) (citation omitted)).

The Sentencing Code requires a sentencing court to "follow the general principle that the sentence imposed should call for confinement that is

consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721. "The balancing of the sentencing factors is the sole province of the sentencing court." *Commonwealth v. Miller*, 275 A.3d 530, 535 (Pa.Super. 2022) (citation omitted).

When reviewing an aggravated range sentence, "the essential question is whether the sentence imposed is reasonable, considering the nature and circumstances of the offense, the history and characteristics of the defendant, the opportunity of the sentencing court to observe the defendant, including any presentence investigation, the findings upon which the sentence was based, and the sentencing guidelines." *Commonwealth v. Wallace*, 244 A.3d 1261, 1279 (Pa.Super. 2021) (quoting *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957, 965 (2007)); 42 Pa.C.S.A. § 9781. Although a trial court is required to consider the sentencing guidelines when imposing sentence,

> the sentencing guidelines are purely advisory in nature – they are not mandatory. A court may therefore use its discretion and sentence defendants outside the guidelines, as long as the sentence does not exceed the maximum sentence allowed by statute. When a court deviates from the sentencing guidelines, it must state the reasons for doing so on the record. This Court may vacate a sentence if it finds the "sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3).

*Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa.Super. 2022) (some citations omitted). *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super.

2010) ("Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement").

We reject Appellant's suggestion that the trial court did not consider relevant mitigating evidence as the trial court indicated that it had considered the PSI report prepared in advance of the sentencing hearing. "Where [PSI] reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa.Super. 2020) (quoting ***Commonwealth v. Devers***, 519 Pa. 88, 101-102, 546 A.2d 12, 18 (1988)).

Further, the trial court specifically set forth its reasons for imposing an aggravated range sentence on the record at the sentencing hearing. The trial court specifically acknowledged that it had considered the PSI, mental health evaluation, and CRN, as well as the sentencing guidelines and the facts and circumstances in this case. N.T., 11/1/24, at 77. The trial court also noted that it considered both the testimony of multiple members of the victims' families and Appellant's family, which gave insight into the lives of each individual. ***Id.*** at 78-79.

The trial court first expressed concern that Appellant had been convicted of driving under the influence ten years earlier in North Carolina in relation to an accident in which he seriously injured another person. ***Id.*** at 79. Despite this experience, the trial court noted that Appellant continued to drink and use drugs. ***Id.*** The trial court discredited Appellant's claim that he had been

working towards sobriety given that Appellant had been found to be using PCP on bail and had admitted to excessive drinking in the month before the events in question, such that Appellant frequently blacked out and could not go an extended period of time without consuming alcohol. *Id.* at 80-85. The trial court characterized Appellant's alcohol and drug abuse as a "process of somewhat killing [him]self." *Id.*

The trial court also emphasized its disbelief at the fact that Appellant would choose to get into a vehicle with a blood alcohol level over three times the legal limit and drive at an excessive speed well beyond 80 miles per hour in an area of Philadelphia that contained both residences and local businesses. *Id.* at 79-80. The trial court highlighted the gravity of the horrific crash, the loss of the victims' lives, the lasting impact left on the victims' families, and the danger Appellant poses to society. *Id.* at 80-85. As such, the trial court concluded that the circumstances of this case justified a sentence beyond the mandatory sentences required by law.

Based on the foregoing reasons, we cannot find that the trial court abused its discretion in imposing Appellant's aggravated range sentence, which we find to be reasonable.

Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/16/2025</u>