J-S43042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                               : PENNSYLVANIA
                               :
            v.                 :
                               :
                               :
                               :
LUIS RIVERA                    :
                               :
            Appellant          : No. 657 EDA 2025

Appeal from the Judgment of Sentence Entered January 15, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006964-2023

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 21, 2026**

Appellant, Luis Rivera, appeals from the judgment of sentence of five to ten years' incarceration, followed by 20 years' probation, imposed after he pled guilty to possession with intent to deliver (PWID), 35 P.S. § 780-113(a)(30), and criminal conspiracy, 18 Pa.C.S. § 903. On appeal, Appellant solely challenges the discretionary aspects of his sentence. We affirm.

The facts underlying Appellant's convictions are not pertinent to the issue he raises herein. Procedurally, we note that Appellant pled guilty to the above-stated offenses on September 6, 2024. On January 15, 2025, the court sentenced him to the aggregate term set forth *supra*.[1] Appellant filed a timely

_____

[1] Appellant's convictions in this case constituted a violation of his probation in another case, docketed at CP-51-CR-0003621-2021 (hereinafter, "case 3621"). His probation was ultimately revoked in case 3621, and he was resentenced to a term of one to two years' incarceration, imposed to run consecutively to his term of incarceration in the instant case.

post-sentence motion, which the court denied. He then filed a timely notice

of appeal, and he and the court have complied with Pa.R.A.P. 1925.[2] Herein,

Appellant states the following issue for our review:

> [I.] Was the sentence excessive and an abuse of discretion, for the following reasons:
>
>> A. It was more than necessary to protect the public where … [A]ppellant's history is comprised of non-violent offenses, to include the instant matter;
>>
>> B. [T]he period of 20 years of probation consecutive to incarceration was excessive[,] as … [A]ppellant will be 65 years old when he has completed his supervision, which is much more than [that which is] necessary to rehabilitate … [A]ppellant and he will have long since aged-out of anti-social and criminal behavior;
>>
>> C. [T]he consecutive nature of this sentence with [his violation of probation] sentence[] was more than [that which is] necessary to rehabilitate … [A]ppellant and protect the public;

---

[2] We note that, initially, Appellant filed two *pro se* notices of appeal, each listing both the trial court docket number for case 3621, as well as the docket number for the instant case, CP-51-CR-0006964-2023 (hereinafter, "case 6964"). The appeals were assigned docket numbers 657 EDA 2025 and 658 EDA 2025. At docket number 657 EDA 2025, on April 3, 2025, this Court entered an order directing Appellant to comply with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring appellants to file separate notices of appeal when single order resolves issues arising on more than one lower court docket). This Court's order directed Appellant to file an amended notice of appeal in case 6964 listing only the docket number for that case in the caption. On April 11, 2025, counsel for Appellant complied. At docket number 658 EDA 2025, on April 3, 2025, this Court entered a show cause order why the appeal from the judgment of sentence imposed in case 3621 should not be quashed as untimely filed. On April 11, 2025, at docket number 658 EDA 2025, counsel for Appellant filed a "Praecipe To Discontinue Appeal." Accordingly, that appeal was discontinued.

D. [The s]entence imposed was more than that requested by the Commonwealth;

E. … [A]ppellant, who candidly explained his reasons for selling drugs, nonetheless accepted responsibility by pleading guilty, and his candor was not meant to disrespect the [c]ourt[,] but to explain harsh circumstances;

F. [A]ppellant's brash courtroom behavior was a human response ([that] he acknowledges [was] inexcusable) to a lifetime of tragic events, to include being in the dependency system, [the] murder of a sibling, and the death of his infant daughter;

G. [A]lthough an admitted repeat drug dealer, [A]ppellant nonetheless has a history of meaningful and legal employment?

Appellant's Brief at 4.

Essentially, Appellant argues that the trial court abused its discretion by imposing an excessive sentence which "was more than necessary to protect the public and rehabilitate … [A]ppellant." *Id.* at 13. He claims that the court failed to properly consider the mitigating factors in his case, such as his "acceptance of responsibility, … the death of his daughter, [the] murder of his brother, [Appellant's] being in the dependency system as a child[,] and his work history." *Id.* Appellant insists that the court instead premised its harsh sentence on an emotional outburst he had during the sentencing hearing, which demonstrates "that the court exhibited ill-will toward … [A]ppellant because of the outburst." *Id.* at 21.[3] According to Appellant, "[w]hile the ill-

_____

[3] Specifically, the record indicates that during the sentencing proceeding, Appellant left the courtroom and was "cursing" and loudly calling the judge a "bitch" while he was in the "cell room" just outside the courtroom. *See* N.T. Sentencing, 1/15/25, at 24-25. When Appellant returned to the courtroom,

*(Footnote Continued Next Page)*

will is rather understandable, it still amounts to an abuse of discretion because the length of the sentence was excessive," and the mitigation evidence he presented outweighed his courtroom misconduct. *Id.* at 24.

No relief is due. Initially, Appellant's assertions implicate the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).... Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003)....
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent

_____

the judge called his behavior a "temper tantrum" and "contemptuous[,]" to which Appellant replied, "You know, I don't give a fuck." *Id.* at 25. The court then stated, "I know, I can clearly see that, but as you can see, I'm not changing your sentence as a result. You have 10 days from today's date to ask me to reconsider." *Id.* Appellant responded, "All right. You done? I'm done." *Id.* The proceeding then continued.

with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, *supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, the Commonwealth initially argues, and we agree, that Appellant's sentencing issue is waived, as he failed to properly preserve it at sentencing or in his post-sentence motion. *See* Commonwealth's Brief at 9-10. Therein, Appellant stated:

> [Appellant], by and through his attorney, Andrew J. Levin, Esquire, hereby files this Motion for Reconsideration of Sentence and avers the following:
>
> 1. On January 15, 2025, [Appellant] was sentenced … on Manufacture, Delivery or Possession with Intent to Manufacture or Deliver, Conspiracy-Manufacture, Delivery or Possession with Intent to Manufacture or Deliver and Possession of a Controlled Substance and received an aggregate 5 to 10 years to be a served in a State Correctional Institution.
>
> 2. [Appellant] wishes to present further mitigation to Your Honor for reconsideration of sentence.

Motion for Reconsideration of Sentence, 1/22/25, at 1 (single page). At no point in this motion did Appellant argue that his sentence is excessive because the court failed to consider the mitigating factors, that the court improperly focused on his courtroom outburst, or that his sentence exceeds that which is necessary to protect the public or meet his rehabilitative needs. Instead, he simply requested the opportunity to present *further mitigation* evidence to the court. Accordingly, Appellant has not preserved his instant sentencing claim for our review. *See Griffin*, *supra*. *See also* Pa.R.A.P. 302(a) ("Issues

not raised in the trial court are waived and cannot be raised for the first time on appeal.").

In any event, even if not waived, we would agree with the Commonwealth that Appellant's main assertion — that the court failed to properly consider the mitigating factors in his case — does not present a substantial question for our review. **See** Commonwealth's Brief at 12 (citing **Commonwealth v. Crawford**, 257 A.3d 75, 79 (Pa. Super. 2021) ("This Court repeatedly has held that 'a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.'") (citation omitted)).[4]

Moreover, even if Appellant had raised a substantial question, we would discern no abuse of discretion in the court's sentencing decision. The trial court ultimately imposed a **mitigated range** sentence for Appellant's PWID offense. Specifically, the court recognized that Appellant's prior record score was a five, and the offense gravity score for his PWID offense was an 11, "making the guidelines a 72 to 90[,] plus or minus 12." N.T. Sentencing at 3.

_____

[4] We note that Appellant also argues, in his Rule 2119(f) statement, that "the unnecessary consecutive structure of the sentence against the [violation of probation] resentencing … rais[es] a substantial question." Appellant's Brief at 16. However, the trial court did not impose Appellant's instant sentence to run consecutively to his sentence in case 3621; rather, the court instead imposed his sentence in case 3621 to run consecutively to his sentence in the instant case. **See** Sentencing Order Case 3621, 1/16/25, at unnumbered 1 ("This sentence is to run consecutive to CP-51-CR-6964-2023."). Because Appellant discontinued his appeal from his judgment of sentence in case 3621, the imposition of consecutive sentences across his two cases is not before us, and cannot constitute a substantial question herein.

The court imposed a minimum sentence of 60 months' incarceration, which was therefore in the mitigated range of the guidelines. Accordingly, the record contradicts Appellant's assertion that the court failed to take into account the mitigating factors in fashioning his sentence.

It is also well-settled that "when a court possesses a pre-sentence report, it is presumed the court was aware of and weighed all relevant information contained in the report *along with any mitigating sentencing factors*." *Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa. Super. 2022) (citation and internal quotation marks omitted; emphasis added). Here, the court had a pre-sentence investigation report and explicitly stated that it considered it. *See* N.T. Sentencing at 15. The court also stated that it considered a mental health report, the gravity of the offense, the need to protect the community, and Appellant's rehabilitative needs. *Id.* at 11, 15. Further, the court explained that it took into account the comments by Appellant and his counsel, *id.* at 11, during which they detailed all the mitigating factors that Appellant highlights herein, *id.* at 4-10. The weight that the court chose to give those factors was exclusively for it to decide. *Velez*, 273 A.3d at 10 (stating that "the weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the court's exclusive domain") (citation omitted). Finally, contrary to Appellant's argument, nothing in the record suggests that the court's sentence was premised on his courtroom outburst or any ill-will by the court; in fact, the court stated its sentence *prior to* Appellant's misconduct. *See id.* at 12.

Accordingly, even had Appellant preserved his sentencing claim for our review — and even if his issue constituted a substantial question — we would discern no abuse of discretion in the mitigated-range sentence that the court imposed. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (stating that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion").

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/21/2026