J-S47026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                              :               PENNSYLVANIA
                              :

                v.                    :

TROY FLETCHER                :

            Appellant       :     No. 983 EDA 2025

Appeal from the Judgment of Sentence Entered February 13, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000226-2023

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                              :               PENNSYLVANIA
                              :

                v.                    :

TROY FLETCHER                :

            Appellant       :     No. 984 EDA 2025

Appeal from the Judgment of Sentence Entered February 13, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000229-2023

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                 **FILED FEBRUARY 13, 2026**

In these consolidated matters, Appellant, Troy Fletcher, appeals from the judgments of sentence entered February 13, 2025, as made final by the denial of his post-sentence motion March 13, 2025.[1] We affirm.

---

[1] On May 16, 2025, this Court granted Appellant's request to consolidate the instant appeals. *See* Order, 5/16/25.

The trial court summarized the relevant facts and procedural history of this case as follows:

On September 26, 2022, at approximately 1:58 p.m., [Appellant, then 15-years-old], drove with two [other individuals] in a black Nissan Altima to [an address along] 13th Street in Philadelphia[, Pennsylvania]. After circling the block numerous times, they parked and [Appellant] and [one other individual] exited the vehicle. Armed with 9mm and .40 caliber firearms and wearing masks only exposing their eyes, [Appellant] and [the other individual] collectively fired [20] to [30] times at the [19]-year-old decedent, Tahmir Jones, killing him. The decedent died from multiple gunshot wounds, including four to the head, two to his torso, and two to his upper left extremities.

The next day, [Appellant, along with the two other individuals who accompanied him the day before], and three [more] individuals, used the same 9mm and .40 caliber [firearms] when they ambushed a group of [20] to [30] high school students as they were leaving the Roxorough High School football field in Philadelphia, killing the [14]-year-old decedent, N.E., and striking four other juveniles. Surveillance video captured [Appellant] and [the others] waiting in a parked Ford Explorer, concealed from view, before they jumped out of the vehicle and bombarded the group with gunfire. Using 9mm, .40 caliber and 5.7mm firearms, [Appellant] fired at least [64] times into the mass of students before they fled the scene.

The decedent[, N.E.,] suffered a fatal gunshot wound to his chest. Three of the four surviving gunshot wound victims were taken by ambulance to local hospitals. [K.B., a 17-year-old], was shot multiple times in his right arm and left leg. [I.T., a 14-year-old], was shot in his left thigh. [N.M., a 15-year-old], was shot multiple times in his left leg. [K.O., a 14-year-old], was shot in his ankle.

Trial Court Opinion, 8/30/25, at 3-4.

Thereafter,

On October 17, 2022, [Appellant], was arrested with several other juvenile and adult co-defendants and charged with two

counts of murder and related offenses. On December 17, 2024[, Appellant] appeared before [the trial court] and, pursuant to a partially-negotiated agreement, pled guilty in CP-51-CR-0000229-2023 and CP-51-CR-0000226-2023 to . . . third[-]degree murder, conspiracy to commit third[-]degree murder, firearms not to be carried without a license ([18 Pa.C.S.A. § 6106]), carrying firearms in public in Philadelphia ([18 Pa.C.S.A. § 6108]), and possession of a firearm by a minor.[1] In CP-51-CR-0000226-2023, [Appellant] pled guilty to four counts of attempt to commit third[-]degree murder.[2] In exchange for his guilty plea, the Commonwealth agreed to not pursue a sentence of life imprisonment without parole for the second murder charge, but made no agreement as to sentencing. Sentencing was deferred for a pre-sentence investigation and mental health evaluation.

On February 13, 2025, [the trial court] sentenced [Appellant] in CP-51-CR-0000229-2023 to [20] to [40] years of incarceration for third[-]degree murder, [10] to [20] years of incarceration for conspiracy to commit third[-]degree murder, and one to two years of incarceration for [18 Pa.C.S.A. § 6106], for an aggregate term of [20] to [40] years of incarceration.[3]

In CP-51-CR-0000226-2023, [the trial court] sentenced [Appellant] to [20] to [40] years of incarceration for third[-]degree murder, a consecutive term of five to 10 years of incarceration for conspiracy to commit third[-]degree murder with deadly weapon enhancement (used), four concurrent sentences of ten to [20] years of incarceration for each count of attempt to commit third[-]degree murder, and one to two years of incarceration for [18 Pa.C.S.A. § 6106], for an aggregate term of 25 to 50 years of incarceration, to be served concurrently with the sentence imposed in CP-51-CR-0000229-2023.[4]

On February 20, 2025, [Appellant] filed a timely post-sentence motion, which [the trial court] denied on March 13, 2025. On April 14, 2025, [the trial court] granted trial counsel's motion to withdraw, appointed counsel for purposes of appeal, and, with the Commonwealth's agreement, reinstated [Appellant's] direct appellate rights *nunc pro tunc*.[5] [Appellant then] timely filed a notice of appeal and a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[1] 18 Pa.C.S.[A.] § 903, 18 Pa.C.S.[A.] § 2502(c), 18 Pa.C.S.[A.] § 6106(a)(l), 18 Pa.C.S.[A.] § 6108, 18 Pa.C.S.[A.] § 6110.1(a).

[2] 18 Pa.C.S.[A.] §§ 901(a) and 2502(c).

[3] No further penalty [was] imposed for [18 Pa.C.S.A. § 6106] and [18 Pa.C.S.A. § 6110.1]

[4] No further penalty [was] imposed for [18 Pa.C.S.A. § 6108] and [18 Pa.C.S.A. § 6110.1].

[5] Trial counsel failed to file a notice of appeal before the deadline lapsed.

*Id.* at 1-2 (unnecessary capitalization omitted).

Appellant raises the following issues for our consideration.

1. Is [18 Pa.C.S.A. § 6108] - carry[ing] a firearm in public in Philadelphia, with a carry permit – unconstitutional as an Equal Protection Clause violation as it is a crime that only applies to [those] carrying in Philadelphia and nowhere else in the Commonwealth?

2. [Did the trial court abuse its discretion and impose an excessive sentence?]

Appellant's Brief at 5-6.[2]

In his first issue, Appellant claims that 18 Pa.C.S.A. § 6108, carrying a firearm in public in Philadelphia, is violative of the Equal Protection Clause of the 14th Amendment and, as such, unconstitutional. Appellant, however, admits that he failed to raise this issue before the trial court or in his Rule 1925(b) concise statement. *See* Appellant's Brief at 40 ("This issue was not raised before the [trial] court. It was not raised in [Appellant's concise]

_____

[2] We have reordered Appellant's claims on appeal for ease of disposition and discussion.

- 4 -

statement of matters [complained of on appeal filed pursuant to Pa.R.A.P. 1925(b)] and not raised in the [trial] court's well-penned [Rule 1925(a) opinion].").  It is settled law that "[i]ssues not raised before the trial court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a); *see also Commonwealth v. Butler*, 446, 812 A.2d 631, 634 (Pa. 2002) (any issues not raised in a Rule 1925(b) concise statement are waived).  As such, we will not consider Appellant's claim.

In his second issue, Appellant challenges the discretionary aspects of his sentence.  This Court previously explained:

> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute."  *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011).  Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal.  *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007).  As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):
>
>> An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>>
>>> We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [*Moury*, 992 A.2d] at 170 [(citation omitted)].  We evaluate on a case-by-case basis whether a particular issue constitutes a

- 5 -

> substantial question about the appropriateness of sentence. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001).

***Commonwealth v. Hill***, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted).

Instantly, Appellant filed a timely notice of appeal, properly preserved his claim by filing a post-sentence motion on February 20, 2025, and included a Rule 2119(f) statement in his brief. ***See*** Appellant's Brief at 22-28. Thus, we turn to whether he raised a substantial question. A substantial question is raised by demonstrating that the trial court's actions were inconsistent with the Sentencing Code or contrary to a fundamental norm underlying the sentencing process. ***Commonwealth v. Bonner***, 135 A.3d 592, 603 (Pa. Super. 2016). This issue is evaluated on a case-by-case basis. ***Id.*** This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. 2006).

Herein, Appellant contends that the trial court issued a sentence that was "at odds with the norms of the Sentencing Code" because it failed to consider certain mitigating factors, *i.e.*, his age and, in turn, his alleged

diminished culpability, when fixing sentence. *See* Appellant's Brief at 22-23. This Court has held that inadequate consideration of mitigating factors fails to raise a substantial question. *See Commonwealth v. Crawford*, 257 A.3d 75, 79 (Pa. Super. 2021); *see also Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa. Super. 2022) (noting that the "weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the [sentencing] court's exclusive domain."). We recognize, however, that "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors [have] been less than a model of clarity and consistency." *Commonwealth v. White*, 193 A.3d 977, 983 (Pa. Super. 2022) (citation omitted). In light of the foregoing, as well as Appellant's juvenile status, we will review Appellant's claim.

Our standard of review of a challenge to the discretionary aspects of sentence is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

\*\*\*

> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports [("PSI report")] exist, we shall presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A [PSI] report constitutes the record and speaks for itself.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-761 (Pa. Super. 2014) (internal citations, quotations, original brackets and ellipsis omitted). Moreover, when sentencing a defendant to total confinement, a trial court must impose a punishment consistent with 42 Pa.C.S.A. § 9721(b). Thus, the trial court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under [S]ection 2155 (relating to publication of guidelines for sentencing, resentencing and parole, risk assessment instrument and recommitment ranges following revocation)." ***Id.***

The trial court explained its sentencing rationale in its Rule 1925(a) opinion, stating as follows:

> [T]he sentence [the court] imposed [is] consistent with the Sentencing Code, aligned with the fundamental norms of the

sentencing process, and within the standard range guideline sentences.

***

After considering the [PSI] and mental health reports, the Commonwealth's sentencing memorandum, [Appellant's] mitigation report and letters of support, as well as all evidence presented at sentencing, th[e court] imposed a fair and appropriate aggregate sentence of [25] to [50] years[' incarceration]. … In fashioning its sentence, [the trial court] considered all the relevant factors, including the sentencing guidelines, the protection of the public, the gravity of the offenses as they relate to the impact on the lives of the victims, their families, and the community, as well as [Appellant's] criminal record, his age, family support, school record, mental health history, drug abuse, the fact that he accepted responsivity by pleading guilty, and his potential for rehabilitation.

Contrary to [Appellant's] representation that [the trial court] did not adequately consider his acceptance of responsibility and remorse, his mental health history and childhood, potential for rehabilitation, and his community support, [the trial court] acknowledged [Appellant's] acceptance of responsibility and heard his expressions of remorse for the harm his actions had caused. [The trial court] carefully considered the fact that [Appellant's] father was absent from his life for a substantial part of his early childhood[] and that [Appellant] has suffered from depression since ago [10. The court] acknowledged [Appellant's] letters of support, certificates of achievement, as well as the Youth Sentencing and Reentry Project report.

[The court's] aggregate sentence was more than reasonable consideration that [Appellant] and his co-defendants chased and gunned down one young man. [Appellant] and his co-defendants fired more than [20] times when they brutally murdered Tahmir Jones on a residential street in the middle of a Monday afternoon and recklessly put any potential bystander at risk of death.

The very next day, [Appellant's] behavior escalated, as he now lay in wait near a local high school with more guns and accomplices before carrying out their attack on more than [20] high school students. [Appellant's] actions turned what should have been a typical afternoon for a group of high school

students into a lifelong source of grief, fear, and trauma. The four surviving gunshot wound victims not only suffered physical pain but also endured the shock of being shot and the resulting trauma. The students spared from physical wounds did not leave unscathed, instead [are] forever left with the trauma of fearing for their lives amid a barrage of bullets[, as well as] the visual of their friends and peers being shot and murdered. Any less of a sentence would denigrate the gravity of these offenses, which caused immeasurable anguish among numerous family and community members.

Trial Court Opinion, 8/30/25 at 5-8 (unnecessary capitalization and internal citations omitted).

Based on the foregoing, we discern no abuse of discretion by the trial court. Here, the record establishes that the trial court carefully considered all of the factors relevant to sentencing and imposed an individualized punishment tailored to the facts of this case. We therefore affirm the Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/13/2026

- 10 -